FILED

2008 May-22  AM 10:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

BOBBY KENNEDY,

        Plaintiff,

v.                                CV-07-J-754-NE

MICHAEL GRIFFIN,
Administrator for NASA,

        Defendant.

## <u>MEMORANDUM OPINION</u>

Pending before the court is the defendant's Motion for Summary Judgment and Dismissal Pursuant to Rule 12(b)(1) (doc. 14).  The defendant's motion moves the court to grant summary judgment on Counts I-IX of the plaintiff's complaint and to dismiss Count X for lack of subject matter jurisdiction.  *Id*.  The defendant's motion is supported by a brief and evidentiary materials (doc. 15 & attachments 1-33 to doc. 16).  The plaintiff filed a brief in opposition to the defendant's motion (doc. 18) to which the defendant filed a reply (doc. 22).

Upon consideration of all of the parties' motions, evidentiary submissions, and written arguments, the court concludes that the defendant's Motion for Summary Judgment and Dismissal Pursuant to Rule 12(b)(1) is due to be **GRANTED** on all counts as set out below.

## Factual Background

The plaintiff, Bobby Kennedy, is a white male who was born on September 27, 1936. Kennedy dep. at 4. The plaintiff worked for NASA for forty-one years from April 26, 1960, until his retirement in October of 2002. Kennedy dep. at 4. At the time he retired, the plaintiff was employed as a GS-14 level electronics of material engineer. *Id.* at 13. During his employment with NASA, the plaintiff applied for approximately 121 different positions within NASA. Kennedy aff. at ¶ 3. Kennedy was not selected to fill any of these positions. *Id.* In counts I-IX the plaintiff alleges that he was discriminated against on the basis of age and disability and retaliated against in connection with his applications for job positions CPP-99-70-MB (Counts I-III), CPP-99-75-MB (Counts IV-VI), and CPP-01-071 (Counts VII-IX) (doc. 1).

This is the sixth complaint filed by the plaintiff in district court wherein he has alleged various types of discrimination and retaliation arising from his employment with NASA. Kennedy dep. at 7-12, (attachments 1, 3, 5, 7, & 9 to doc. 16). Each of the five previous complaints was dismissed on summary judgment and those dismissals were upheld by the United States Court of Appeals for the Eleventh Circuit (attachments 2, 4, 6, 8, & 10 to doc. 16); (Case no. 99-CV-03452-KOB, doc. 112.); (Case no. 97-CV-3118-CLS, doc. 26); (Case no. 95-

CV-3323-HDB, doc. 95); (Case no. 94-CV-00116-JHH, doc. 21); (Case no. 94-CV-0016-ELN, doc. 73).

In his brief, the plaintiff expresses his intention to abandon Counts I, II, III, V, VII, VIII, and IX.  Therefore, the facts related to those job openings are no longer relevant to the disposition of the defendant's motion.  Counts IV and VI, which the plaintiff has not abandoned, concern his application for job opening CPP-99-75-MB ("99-75") (doc. 1).  The position under 99-75 was at the GS-14 level, which was the same grade level as the plaintiff's position at the time he applied for 99-75.  Kennedy dep. at 61.  According to the position's vacancy announcement, "knowledge of electrical, electronic, and electromechanical engineering theories, principles, and practices relating to failure analysis of EEE parts" was one of the essential elements of the job (attachment 13 to doc. 16).  Four candidates, including the plaintiff and the selectee Patrick McManus, were chosen from a pool of applicants for possible selection for 99-75.  Blanch dep. at 22-24, 31.  McManus' application for position 99-75 specifically addressed his educational background and qualifications as those qualifications related to the specific skills and abilities identified in the vacancy announcement (attachment 15 to doc. 16).  McManus also had a B.S. degree in electrical engineering and, at the time of his selection, had completed 36 hours toward a Master's Degree in

electrical engineering (attachment 15 to doc. 16).  In addition, McManus had

worked as an electronics engineer for twenty years prior to his selection for

position 99-75 and had been employed by NASA as an electrical engineer since

1981.  *Id*.  The plaintiff's application for position 99-75 consisted of a hand

written note asking to be considered for the position along with several other

positions and did not address his experience or qualifications (attachment 14 to

doc. 16).

Each of the four finalists for 99-75 was interviewed by a panel which

included James Blanche, the selecting official, Dr. Michael Polites, deputy

laboratory director, and Mike Martin, the past supervisor of the EEE parts and

failure analysis group.  Blanche dep. at 22-23.  Following the interviews the panel

felt that McManus was the most qualified for the position.  *Id*. at 37.  Blanche

testified that he was impressed by the detail of McManus' application which

specifically addressed his qualifications for position 99-75.  *Id*. at 65-67.  Based

on those grounds, McManus was selected to fill position 99-75.  *Id*. at 52.

Count X is the only other count that the plaintiff has not abandoned.  Count

X is an appeal of a decision by the Merit System Protection Board ("MSPB") that

it did not have jurisdiction over the plaintiff's case (doc. 1).  The plaintiff initiated

the administrative process by filing an EEO complaint wherein he alleged his

4

retirement was not voluntary (attachment 28 to doc. 16, at pp. 00052-00054).

Following an adverse Final Agency Decision ("FAD"), the plaintiff appealed to

the MSPB under the process set out in 29 C.F.R. § 1614.302(d)(1)(ii). *Id.* at

00260. In his initial order of March 6, 2007, the Administrative Judge ("AJ")

found that the plaintiff's retirement was voluntary. *Id.* at 00004 - 00009. Based

on that finding, the AJ dismissed the plaintiff's appeal for lack of MSPB

jurisdiction. *Id.* The plaintiff was advised in a March 6, 2007, order that such

order would become the final decision of the MSPB on April 10, 2007, unless he

filed a petition for review by the full Board. *Id.* at 00006. The plaintiff did not

file a petition for review by the full MSPB so the AJ's decision became the final

decision of the MSPB on April 10, 2007. Thereafter, the plaintiff appealed the

AJ's decision to this court.

## Standard of Review

The defendant's motion requires the court to apply two different standards

of review to the plaintiff's claims. First, the court must analyze Counts I-IX under

the well-known summary judgment standard. Second, the court must analyze

Count X under the standard of review for 12(b)(1) motions.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper

"if the pleadings, the discovery and disclosure materials on file, and any affidavits

show that there is no genuine issue as to any material fact and that the movant is

entitled to judgment as a matter of law."  Fed. R. Civ. Pro. 56(c); *see also Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Supreme Court has explained the

summary judgment standard as follows:

> [T]he plain language of Rule 56(c) mandates the entry of
> summary judgment, after adequate time for discovery
> and upon motion, against a party who fails to make a
> showing sufficient to establish the existence of an
> element essential to that party's case, and on which that
> party will bear the burden of proof at trial.  In such a
> situation, there can be "no genuine issue as to any
> material fact," since a complete failure of proof
> concerning an essential element of the nonmoving
> party's case necessarily renders all other facts
> immaterial.

*Celotex Corp.*, 477 U.S. at 322-23.  The party moving for summary judgment

always bears the initial responsibility of informing the court of the basis for its

motion and identifying those portions of the pleadings or filings which it believes

demonstrates the absence of a genuine issue of material fact.  *Id.* at 323.  The

burden then shifts to the nonmoving party to "go beyond the pleadings and by ...

affidavits, or by the 'depositions, answers to interrogatories, and admissions on

file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.*

at 324 (quoting  Fed. R. Civ. P. 56(e)).  In meeting this burden the nonmoving

party "must do more than simply show that there is some metaphysical doubt as to

the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475

U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine issue for trial."  Fed. R. Civ. P.  56(e); *Matsushita*, 475 U.S. at 587.

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant.  *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  *Id*. at 249-50.  The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-252.

Attacks on subject matter jurisdiction under Fed. Civ. P. 12(b)(1) come in two forms.  A "facial attack" on the complaint "requires the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter

7

jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)).  A "factual attack," on the other hand, challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."  *Id*.

This case presents a facial attack because the only issue is whether this court has jurisdiction to review the MSPB's decision that it did not have jurisdiction. On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion - the court must consider the allegations of the complaint to be true.  *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).

## Discussion

*I. Counts I, II, III, V, VII, VIII, & IX.*

In his brief, the plaintiff expresses his intention to abandon all of these claims.  *See* doc. 18 at 3-4 ("Kennedy will not further pursue claims concerning CPP-99-70-MB [Counts I-III] nor CPP-01-071 [Counts VII-IX]"); doc. 18 at 10 ("Kennedy does not wish to further pursue a disability discrimination claim for CPP-99-75-MB [Count V] . . .").  The plaintiff having expressed his intent to abandon counts I, II, III, V, VII, VIII, and IX, the court finds that summary

judgment is due to be **GRANTED** on these counts.

*II. Counts IV & VI.*

In Count IV the plaintiff alleges that he was not selected for position 99-75 because of his age in violation of the Age Discrimination in Employment Act ("ADEA"). In Count VI plaintiff alleges that he was not selected for position 99-75 in retaliation for engaging in statutorily protected activity in violation of Title VII.

When a plaintiff relies upon circumstantial evidence to establish a discrimination claim, whether it be based on age or retaliation, the district court examines it using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Crawford v. City of Fairburn, Ga.*, 482 F.3d 1305, 1308 (11th Cir. 2007) (retaliation under Title VII); *Smith v. J. Smith Lanier & Co.*, 352 F.3d 1342, 1344 (11th Cir. 2003) (age discrimination under ADEA). Within this framework, if the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to put forth a legitimate, non-discriminatory reason for its actions. *McDonnell Douglas*, 411 U.S. at 802. Once the defendant articulates a legitimate reason, the presumption of discrimination is rebutted, and the burden shifts to the plaintiff to offer evidence that the alleged reason of the defendant is a pretext for discrimination. *Crawford*,

482 F.3d at 1308 (citing *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004)).

In order to establish a prima facie case of age discrimination, the plaintiff must show that he (1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual. *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000).

To establish a prima facie case of retaliation, the plaintiff must show (1) that he engaged in statutorily protected expression; (2) that he suffered an adverse employment action; and (3) that there is some causal relation between the two events." *Cooper v. Southern Co.*, 390 F.3d 695, 740 (11th Cir. 2004).

The defendant concedes that the plaintiff can present a prima facie case of age discrimination and retaliation. However, the defendant asserts that summary judgment should be granted on both counts because the plaintiff cannot present "significantly probative" evidence to rebut the defendant's legitimate, nondiscriminatory reasons for not selecting the plaintiff for position 99-75.

As evidence of its legitimate, non-discriminatory reasons for hiring McManus rather than the plaintiff, the defendant points to McManus' superior qualifications for the position. Vacancy announcement 99-75 required as its one

essential element for the job "knowledge of electrical, electronic, and electromechanical engineering theories, principles, and practices relating to failure analysis of EEE part" (attachment 13 to doc. 16).  McManus had a B.S. degree in electrical engineering and 36 hours towards a master's degree in electrical engineering (attachment 15 to doc. 16).  In addition, McManus had worked as an electronics engineer for NASA for twenty years prior to his selection.  *Id*.  Finally, McManus' application for 99-75 specifically addressed the job criteria for 99-75 and how his experience was relevant to the primary duties of that position.  *Id.* Blanch, the selecting official, testified that he was particularly impressed by the details and specifics in McManus' application.  Blanch dep. at 67.

Unlike McManus' application, the plaintiff's application consisted of nothing more than a hand written note stating that he would like to be considered for the job (attachment 14 to doc. 16).  In addition, the plaintiff's educational background was in chemistry.  Kennedy dep. at 13.  The court finds that the defendant was motivated to hire McManus instead of the plaintiff by legitimate, non-discriminatory reasons.  Based on the information presented to the committee, McManus was clearly the most qualified candidate for 99-75.  Therefore, the burden shifts to the plaintiff to show that these reasons are a mere pretext for discrimination.  *McDonnell Douglas*, 411 U.S. at 804.

11

To show that the defendant's reasons are pretextual, the plaintiff points to a comment made by a former Director of NASA's Science and Engineering at the Marshall Space Center and his own subjective belief that he ought to have received 99-75.  In 1995 George McDonough, a former Director of NASA's Science and Engineering at the Marshall Space Center, testified that the plaintiff's prior EEO activities served as a "black mark" on the plaintiff's record.  According to the plaintiff, this comment shows that the plaintiff was not selected for 99-75 in retaliation for his EEO activities.  However, the plaintiff fails to demonstrate how this comment from 1995 has any relevance to the present case.  George McDonough was not employed by NASA in 1999 as he retired in 1995.  Blanch dep. at 69.  Moreover, Blanch testified that he had not had any contact with McDonough before or after McDonough's retirement in 1995.  *Id*.  For the plaintiff to assert that a comment made in 1995 has any relevance to a selection made in 1999 without any further evidence connecting the two events is borderline absurd.

The plaintiff's second argument is similarly unpersuasive.  The plaintiff asserts that he should have received position 99-75 because (1) he was already working at the same job title and pay grade; (2) he had prior work experience in a similar position; and (3) he had forty-one years of experience with NASA.

However, for the plaintiff to prove pretext through his assertion that he was more qualified for the position, the plaintiff must show that no reasonable person would have chosen the selectee over the plaintiff.  *Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir. 2004).  The three reasons offered by the plaintiff at most demonstrate that he was qualified for 99-75.  The reasons come far short of demonstrating that no reasonable person could have selected McManus over the plaintiff.  Furthermore, the plaintiff does not address why he was more qualified than McManus for 99-75.  *See Chapman*, 229 F.3d at 1024 (holding that the plaintiff "must meet [the proffered legitimate reason] head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason").  Since the plaintiff cannot carry his burden of showing that the legitimate reasons offered by the defendant are a pretext for discrimination, summary judgment is due to be **GRANTED** on Counts IV and VI.

*III. Count X*

In Count X, the plaintiff asks the court to review an MSPB decision regarding the plaintiff's retirement.  The plaintiff requests the court to review that decision based on an arbitrary, capricious, or not in accordance with the law standard.  In making such request, the plaintiff is presumably requesting the court to review the MSPB decision under the "mixed case" authority set out in 29 C.F.R.

13

§ 1614.302.  The defendant asserts that Count X should be dismissed because this court does not have subject matter jurisdiction over this case.

Pursuant to the Civil Service Reform Act, the Federal Circuit Court of Appeals is vested with exclusive jurisdiction to review final decisions of the MSPB regarding personnel actions, *see* 5 U.S.C. § 7703(b)(1), unless the appeal presents a "mixed case," in which case the district court has jurisdiction to hear the discrimination claims de novo and to otherwise review the MSPB decision under an "arbitrary, capricious, or not otherwise in accordance with law" standard.  *See* 5 U.S.C. § 7703(b)(2); and *Kelliher v. Veneman*, 313 F.3d 1270 (11th Cir. 2002).

A "hybrid situation" arises when the MSPB dismisses a mixed case appeal, not on the merits, but rather due to lack of Board jurisdiction.  *Id.*  When an appeal has been taken to the MSPB, until the discrimination issue and the appealable action have been decided on the merits by the MSPB, an appellant is granted no rights to a trial de novo in a civil action under section 7702 or section 7703. *Ballentine v. Merit Sys. Prot. Bd.*, 738 F.2d 1244, 1246 (Fed. Cir. 1984); *see Checketts v. Merit Sys. Prot. Bd.*, 50 Fed. Appx. 979, 980 (Fed. Cir. 2002) (concluding that the Federal Circuit had "jurisdiction to review the Board's decision because the Board did not reach the merits of Ms. Checketts' discrimination claim").  Thus, in a hybrid situation, the plaintiff must seek review

14

in the Federal Circuit because that court has exclusive jurisdiction over matters involving the scope of the MSPB's jurisdiction. *Burrell v. U.S. Postal Service*, 164 F.Supp.2d 805, 810 (E.D. La. 2001).

Here, the AJ dismissed the plaintiff's appeal for lack of Board jurisdiction. Thus, this case presents the hybrid situation described above. Since the MSPB has not reached the merits of the plaintiff's case, the district court has no jurisdiction over the plaintiff's appeal. The proper forum for the plaintiff to appeal the MSPB's decision is the Federal Circuit Court of Appeals.

### Conclusion

Having considered the foregoing, and being of the opinion the defendant is entitled to judgment in its favor as a matter of law, it is therefore **ORDERED** by the court that the defendant's Motion for Summary Judgment and Dismissal Pursuant to Rule 12(b)(1) be and hereby is **GRANTED** on all counts, the court finding no genuine issues of material fact remain.

**DONE** and **ORDERED** this the 22nd day of May 2008.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE